UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEENTERPRISES, INC., | |
| Plaintiff, | No. 19 C 6540 |
| v. | Judge Thomas M. Durkin |
| VIKING PACKAGING TECHNOLOGIES, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

DeEnterprises, Inc. alleges Viking Packaging Technologies, Inc. breached the parties' contract and violated various state laws by failing to design and manufacture a machine to package DeEnterpises's products. Viking has moved to dismiss based on the contract's forum selection clause. R. 11. That motion is granted.

**Analysis**

The parties' contract provides:

> The courts of Sheboygan County Wisconsin will have exclusive jurisdiction to entertain and determine all disputes and claims both at law and in equity arising out of or in any way connected with the validity, existence, enforceability, constructions, breach or alleged, threatened or anticipated breach of the Contract, to which the parties admit to having personal jurisdiction over them.

R. 1-1 at 11 (p. 10, ¶ 9). No party disputes that all the claims at issue in this case arise out of and are connected to the contractual relationship between the parties, so the forum selection clause applies.

Viking's motion is styled as a "Motion to Dismiss for improper venue pursuant to Fed. R. Civ. Proc. 12(b)(3) and 28 U.S.C. § 1406(a), or alternatively for an Order

pursuant to 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Eastern District of Wisconsin." R. 12 at 1. As DeEnterprises points out, however, the Supreme Court has explained that Rule 12(b)(3) and § 1406 are inapposite unless venue in this district is "improper" under federal law. *See Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013). Viking does not argue that venue is improper here, but rather seeks to enforce the forum selection clause in the parties' contract. In *Atlantic Marine*, the Supreme Court explained that the proper procedure for enforcing a forum selection clause is a motion to dismiss for forum non conveniens. *Id.*

DeEnterprises makes much of the fact that Viking's motion is procedurally incorrect. *See* R. 14 at 3 (describing Viking's motion as "baseless"). But the Seventh Circuit has addressed this precise circumstance and affirmed a district court decision in favor of a defendant like Viking. In *Mueller v. Apple Leisure Corporation*, the defendant moved to dismiss for improper venue under Rule 12(b)(3), relying in part on a forum selection clause requiring that the case proceed in a particular state court. 880 F.3d 890 (7th Cir. 2018). The district court applied *Atlantic Marine* to dismiss the case for forum non conveniens. The plaintiffs appealed, "challeng[ing] only the procedural regularity of the dismissal order . . . . [o]bject[ing] that the judge raised the doctrine for forum non conveniens himself . . . . [and] insist[ing] that the judge should have converted the dismissal motion to a motion for summary judgment and allowed discovery before ruling on the issue." *Id.* at 893. The Seventh Circuit affirmed, explaining that "when a forum-selection clause requires suit in a specific nonfederal forum, the doctrine of forum non conveniens is the proper vehicle to

2

enforce the clause." *Id.* at 894. Indeed, the Seventh Circuit held that "the judge applied the Supreme Court's instructions perfectly":

> Although [the defendant] had not formally moved to dismiss based on forum non conveniens, the dismissal motion plainly invoked the forum-selection clause and asked the court to enforce it. Accordingly, the judge was well within his discretion to treat the motion as, in substance, a forum non conveniens motion.

*Id.* Therefore, this Court will follow the guidance of *Mueller* and *Atlantic Marine* and treat Viking's motion as a motion to dismiss for forum non conveniens.

The Seventh Circuit's further analysis in *Mueller* is also highly instructive here:

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations. When the case involves a forum-selection clause, however, private interests drop out of the equation. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. So when a forum-selection clause is in play, the analysis is limited to public-interest factors. And because those factors are rarely strong enough to override the parties' preselected forum, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* (quotations and citations omitted). Even with the private interests dropped out, DeEnterprises argues that the public interests weigh in favor of maintaining venue in this district. The relevant public interests are generally "[1] docket congestion and likely speed to trial in the transferor and potential transferee forums; [2] each court's relative familiarity with the relevant law; [3] the respective desirability of resolving

3

controversies in each locale; and [4] the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). First, DeEnterprises identifies no material difference in time to disposition between the Sheboygan courts and this district. *See* R. 14 at 9-10. Second, while DeEnterprises argues that this Court has more familiarity with its claim under the Illinois Consumer Fraud statute, it ignores its claim under the Wisconsin Deceptive Trade Practices Act. *Id.* at 10. Third, DeEnterprises concedes that the "contract-related causes of action are simple and would be governed by the Uniform Commercial Code, which both Illinois and Wisconsin have codified." *Id.* And fourth, the dispute involves an Illinois resident and a Wisconsin resident meaning that both locales have a significant interest in the case. Therefore, DeEnterprises has not demonstrated that this is the "rare" case—as the Seventh Circuit put it—where public interests are "strong enough to override the parties' preselected forum." *Muller*, 880 F.3d at 894.

## Conclusion

For these reasons, Viking's motion [11] is granted, and the case is dismissed without prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 18, 2019

4